```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KATHERINE ZEBROSKI              :        CIVIL ACTION
                                :
        v.                      :
                                :
                                :
JOHANNA GOUAK et al.            :        NO. 09-1857
```

**MEMORANDUM**

Fullam, Sr. J.                                        September 9, 2009

       The plaintiff has sued her former employer and two managers of the restaurant where she worked, alleging violations of the Fair Labor Standards Act ("FLSA"), Pennsylvania's Wage Payment and Collection Law ("WPCL"), wrongful discharge, recklessness, and negligence. The defendants have moved to dismiss most of the claims; that motion will be denied.

       According to the complaint, in 2003 the plaintiff's salary as a waitress was set at $2.00/hour plus tips, but "despite the agreement for Plaintiff's salary, Plaintiff was paid . . . at variable rates that averaged approximately $1.53 per hour." Complaint at ¶¶ 12-13. The complaint also alleges that a co-worker threatened the plaintiff and other employees, and that despite reporting his actions to the defendants, the defendants refused to act, and terminated the plaintiff's employment on December 2, 2008, after she told the defendants she would report the co-worker to the police.

       The defendants argue that the complaint does not state a claim under the FLSA because it does not allege that the

employer is subject to the statute. The FLSA applies to "enterprise[s] engaged in commerce," defined as "an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1). The complaint alleges that the defendant Country Flavor, Inc. is an "enterprise engaged in commerce." Complaint at ¶ 33. For purposes of a motion to dismiss, this is sufficient; discovery will establish the amount of business actually done.

The defendants also argue that the plaintiff can only recover damages under the FLSA for two years, not three years, because the complaint does not adequately allege that the failure to pay minimum wage was "willful." Even if the statute of limitations is two years instead of three it only affects the amount of damages, and it is too early to determine whether the employer's conduct was willful.

With regard to the WPCL, the defendants argue that plaintiff had no written employment contract and that the claim should be brought under the Pennsylvania Minimum Wage Act ("PMWA"). The plaintiff has alleged the existence of an oral agreement that she would be paid a certain amount, which likely renders the WPCL applicable, and a right to wages that may be asserted under the PMWA may also be litigated under the WPCL. See Lugo v. Farmers Pride, Inc., 967 A.2d 963 (Pa. Super. Ct. 2009).

The plaintiff's remaining claims may proceed as well. If the defendants did indeed discharge the plaintiff to discourage her from reporting the co-worker to the police, the termination may have triggered the public-policy exception to the at-will employment rule. Finally, negligence and recklessness cannot be determined on the present record; nor can the question of the managers' individual liability.

An appropriate order will be entered.

BY THE COURT:

/s/ John P. Fullam
Fullam,          Sr. J.