IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ZEBROSKI : CIVIL ACTION
:
v. :
:
:
JOHANNA GOUAK et al. : NO. 09-1857

**MEMORANDUM**

Fullam, Sr. J. March 29, 2010

The plaintiff has sued her former employer and two managers of the restaurant where she worked, alleging violations of the Fair Labor Standards Act and various state-law claims. The plaintiff now wishes to add two new claims for retaliation, based on conduct that occurred after this case was filed.

In the first supplemental claim, the plaintiff alleges that the defendants circulated among the patrons of the restaurant "petitions" stating that the defendants:

> are being sued by a former waitress. If she
> is successful we will close due to the stress
> and financial cost to us. She left working
> here a few times before and we always
> re-hired her. She has left us again and has
> launched a costly law suit against us. We
> are deeply hurt by her actions.

Proposed supplemental complaint at ¶ 4. The petitions asked customers to affirm that the plaintiff was "always cheerful" and "never complained about discontentment with her job or with the other employees." Id. The plaintiff alleges that the petitions misstated the nature of the case and placed her in a bad light, causing other members of their small community to reproach her.

The second supplemental count alleges that after the defendants were served with the complaint in this case, the defendant Johanna Gouak filed an action against the plaintiff in the Bucks County Court of Common Pleas, alleging that in August of 2007 the plaintiff committed battery upon Ms. Gouak by throwing a plate with toast on it at her.  The alleged toast-throwing incident occurred nearly 18 months before the plaintiff was fired, and the plaintiff asserts that the suit contains false allegations.

The plaintiff argues that the petitions and the lawsuit violate 29 U.S.C. § 215(a)(3), which prohibits retaliation against an employee for filing a complaint.  The case law supports a finding that the retaliation provision extends to former employees.  Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997).  The defendants argue that the defendants have a constitutional right to petition and to pursue claims in court, but if the petitions and lawsuit were motivated by a desire for retaliation and without a reasonable basis in fact or law, then the plaintiff may recover.  Darveau v. Detecon, Inc., 515 F.3d 334, 343-44 (4th Cir.2008).  I am persuaded that the plaintiff should have the opportunity to make her case.

An appropriate order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,    Sr. J.