IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ZEBROSKI                          :

                                            :        Civil Action

              v.                            :

                                            :        No. 09-1857

JOHANNA GOUAK, *et al.*                      :        JURY TRIAL DEMANDED


**<u>ORDER</u>**

AND NOW, this        day of                      , 2011, upon consideration of
Plaintiff's Motion for Allowance of Attorney's Fees and Costs and any response thereto,
it is Ordered that Plaintiff's Motion is granted. Plaintiff is hereby awarded against
Defendants attorney's fee in the amount of $56,120.00, plus costs in the amount of
$4,740.77, for a total award of $60,860.77.


_____
                                                                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ZEBROSKI                    :

                                       :      Civil Action

        v.                             :
                                       :      No. 09-1857

JOHANNA GOUAK, *et al.*                :      JURY TRIAL DEMANDED

**PLAINTIFF'S MOTION FOR ALLOWANCE
OF ATTORNEY'S FEES AND COSTS**

Pursuant to Rule 54(d)(2), Fed. R. Civ. P., Plaintiff Katherine Zebroski hereby moves the Court for an award of attorney's fees and costs, and assigns in support hereof the following:

1. Plaintiff brought this action to enforce rights under, *inter alia*, the Fair Labor Standards Act and the Pennsylvania Minimum Wage Law under the Pennsylvania Wage Payment and Collection Law. She sought relief for the Pennsylvania minimum wage violation pursuant to the Pennsylvania Wage Payment and Collection Law. She also raised claims under the Fair Labor Standards Act and Pennsylvania common law.

2. On May 25, 2010, the Court entered Judgment in favor of Ms. Zebroski against all Defendants in the amount of $7,176.19, after a jury verdict found that Defendant violated Ms. Zebroski's rights under Pennsylvania Minimum Wage Law, Pa. Stat. Ann. tit. 43, § 333.104(a).

3. Ms. Zebroski is entitled to recover attorney's fees and costs under the Pennsylvania Minimum Wage Law, Pa. Stat. Ann. tit. 43, § 333.113, and under the Pennsylvania Wage Payment and Collection Law, Pa. Stat. Ann. tit. 43, § 260.9a(f).

4. Appended hereto as Exhibit A, and incorporated herein, is the Declaration of Elliot B. Platt, counsel for Ms. Zebroski, showing his experience and the time and costs expended in this case. Mr. Platt has represented Ms. Zebroski throughout this case.

5. Ms. Zebroski's counsel has expended 167.3 hours representing her in this case, exclusive of hours that can be attributed solely to claims on which Ms. Zebroski was unsuccessful and exclusive of time for preparation of this Motion. *See* Exhibit 1 to Ex. A. Given that Ms. Zebroski was not successful on all claims, she acknowledges a 20% reduction in the 167.3 hours, to 133.8. In addition, 6.5 hours have been expended to date on preparation of this Motion, for a total to date of 140.3 hours.

6. Appended hereto as Exhibit B is the Declaration of Andrew F. Erba, Esq. of April 11, 2011, attesting to his own experience and to the experience and reputation of Ms. Zebroski's counsel.

6. Appended hereto as Exhibit C is the Declaration of Richard P. Weishaupt, Esq., of August 26, 2008, explaining the Community Legal Services, Inc. (hereinafter, CLS) fee schedule.

7. Appended hereto as Exhibit D is the Declaration of Michael Donahue, Esq. of August 30, 2007, in *Marple Newtown School Dist. v. Rafael N.*, U.S. Dist. Ct., E.D. Pa., Civil Action No. 07-0558, with attachments showing the CLS attorney fee schedule and the documentation supporting the adoption of the CLS attorney fee scheduled.

8. The appropriate billing rate for Ms. Zebroski's counsel is $400.00 per hour.

9. A reasonable attorney's fee for Ms. Zebroski's counsel in this case for time expended through the filing of this Motion is 140.3 hours plus 6.5 hours for preparing this Motion, is, at $400.00 per hour, $56,120.00, as explained more fully in the accompanying Brief in Support of this Motion.

10. In prosecuting this case, reasonable expenses in the amount of $5,258.12 were incurred, exclusive of those expenses that related solely to issues on which Ms. Zebroski was not successful. *See* Exhibit 2 to Exhibit A. As fully set out in the accompanying Memorandum, after reduction of certain costs to account for Ms. Zebroski's partial success, she claims reimbursement for costs in the amount of $4,740.77.

11. Ms. Zebroski's counsel reserves the right to supplement the hours expended to include time expended after filing the post-trial motions.

WHEREFORE, Plaintiff prays for an Order awarding her $60,860.77 in fees and costs.

　　s/ Elliot B. Platt
ELLIOT B. PLATT
Attorney for Plaintiff

Suite 1930
1500 John F. Kennedy Boulevard
Philadelphia, PA. 19102
(215) 564-5551

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ZEBROSKI                    :

                                      :         Civil Action
        v.
                                      :         No. 09-1857

JOHANNA GOUAK, *et al.*               :         JURY TRIAL DEMANDED


**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ALLOWANCE
OF ATTORNEY'S FEE AND COSTS**

Plaintiff, Katherine Zebroski, has obtained a judgment under the Pennsylvania Wage Payment and Collection Law (WCPL) for minimum wages due her under the Pennsylvania Minimum Wage Act. The WCPL provides, "The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant." Pa. Stat. Ann. tit. 43, § 260.9a. The Minimum Wage Act provides, in relevant part, "If any employe is paid by his or her employer less than the minimum wages provided by section 4 of this act or by any regulation issued thereunder, such worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court, …." Pa. Stat. Ann. tit. 43, § 333.113.

Under the WCPL, an award of fees and costs is mandatory. *Scully v. US WATS, Inc.*, 238 F.3d 497 (3d Cir. 2001); *Ambrose v. Citizens Nat. Bank of Evans City*, 5 A.3d 413, 420-421 (Pa. Super. 2010); *Signora v. Liberty Travel, Inc.*, 886 A.2d 284 (Pa. Super. 2005) (mandatory fee award under WCPL and Pennsylvania Minimum Wage Act, as in

the instant case). Ms. Zebroski seeks an award of counsel fees and costs for the work of her attorney, Elliot B. Platt, Esq.

## I. The Hourly Rate For Plaintiff's Counsel

An award of fees is based on the lodestar, the number of hours reasonably expended on the case, multiplied by the reasonable hourly rate. *Maldonado v. Houstoun*, 256 F.3d 181 (3d Cir. 2001). The rate for the fee award must be established by the prevailing market rates in the community, based on the rates of attorneys of comparable skill and experience. *Id.*; *Washington v. Philadelphia Court of Common Pleas*, 89 F.3d 1031 (3d Cir. 1996) held that the plaintiff in a fee-shifting case has "… the burden of demonstrating 'the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity.'" *Id.*, 89 F.3d at 1036 (citations omitted). That is established by affidavits from practitioners who engage in similar litigation. *See Id.*

In this case, Ms. Zebroski's counsel has been practicing for more than 40 years. Declaration of Elliot B. Platt (hereinafter, Platt Dec.), ¶ 2. After fifteen years at Community Legal Services, Inc. (CLS), much of which was in a supervisory capacity, he has been a sole practitioner except for a brief period in 1988-1989. *Id.*, ¶¶ 4, 5. He has represented clients in many areas of law, including complex cases under, among others, the Employee Retirement and Income Security Act, 29 U.S.C. § 1001 *et seq.* and the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq. Id.* ¶ 8. Much, but not all, of his practice centers on employment law, most, but not all, of which is on behalf of employees. *Id.*, ¶ 5. He has been a faculty member on this court's seminar on Litigating Employment Discrimination cases. *Id.*, ¶ 9. In 2005, he was named as a Pennsylvania Super Lawyer. *Id.*, ¶ 12. He has tried cases in state and federal courts,

and he has argued appeals in state and federal courts. *Id.*, ¶ 6.

Andrew F. Erba, Esq., is an active practitioner in employment law. Declaration of Andrew F. Erba, Esq. (hereinafter, Erba Dec.), ¶¶ 3-4, 8. He has known Plaintiff's counsel has worked with him, and attests to his reputation in the community. Erba Dec., ¶¶ 9-11. Based on his own experience and his knowledge of market rates in the Philadelphia area, Mr. Erba proposes that $400 per hour is within the rage of rates charged by Philadelphia attorneys with similar levels of experience in employment law. *Id.*, ¶ 11.

There is another touchstone which the Third Circuit and the judges of this Court have used to establish an appropriate hourly rate in cases such as this. *Maldonado v. Houston*, *supra*, accepted the fee schedule established by Community Legal Services, Inc. as a proper standard for setting rates in Philadelphia. *Id.*, 256 F.3d at 187-188.[1] Appended to Plaintiff's Motion as Exhibit C is the Declaration of Richard P. Weishaupt, Esq. (hereinafter, Weishaupt Dec.), dated August 26, 2008, filed in *Brown v. Nutrition Management Services Company*, U.S. Dist. Ct., E.D. Pa., Civil Action No. 06-2034. Mr. Weishaupt, now a senior attorney at CLS, has been employed there for over 30 years. Weishaupt Dec. ¶¶ 1, 3. He is a member of the committee that establishes hourly rates for CLS attorneys in fee-shifting cases. *Id.*, ¶ 2. The CLS hourly rates are based on a survey of hourly rates charged by private firms and individual practitioners in Philadelphia. The survey and updates are conducted by Altman, Weil, Inc. *Id.*, ¶ 6.

[1] In addition to the cases cited in *Maldonado*, Judges Joyner (*see Loesch v. City of Philadelphia, supra*), Schiller (*see Willow Inn, Inc. v. Public Service Mut. Ins. Co.*, 2002 WL 254504 (E.D. Pa. 2002); *James v. Norton*, 176 F. Supp.2d 385 (E.D. Pa. ); *Skaggs v. Hartford Financial Group*, 2001 WL 1665334 (E.D. Pa. 2001)), Katz (*see Reynolds v. U.S.X. Corp.*, 170 F. Supp. 2d 530 (E.D. Pa. 2001)); and Broderick (see *Rivera v. Philadelphia Housing Author.*, 1999 WL 1215584 (E.D. Pa. 1999)), have all accepted the CLS Survey as authoritative on the hourly rates. Judge Shapiro applied the CLS rates in *Brown v. Nutrition Management Services Company*, 2009 WL 222352 (Jan. 26, 2009) and in *Jones v. Philadelphia Housing Author.*, 1999 WL 972006 (E.D. Pa. 1999).

The CLS schedule is further explained in the Declaration of Michael Donahue, Esq. of August 30, 2007, filed in *Marple Newtown School Dist. v, Rafael N.*, U.S. Dist. Ct., E.D. Pa., Civil Action No. 07-0558, appended to Plaintiff's Motion as Exhibit D. At the time, Mr. Donahue was Chairperson of the CLS committee that set hourly rates for CLS attorneys in fee-shifting cases. *Id.*, ¶ 2. The current CLS schedule, adopted April 1, 2006, is appended to Mr. Donahue's Declaration as Ex. A-1. Donahue Dec., ¶ 6. The schedule provides that the range of hourly rates for attorneys with more than 25 years' experience is $325 to $410. Ex. A-1 to Donahue Dec.[2]

In *Brown v. Nutrition Management Services Company*, 2009 WL 222352 (Jan. 26, 2009), Hon. Norma L. Shapiro of this Court concluded that the hourly rate of $400 was reasonable for Mr. Platt under the fee-shifting provisions of the Family and Medical Leave Act, 29 U.S.C. § 2617(a)(3).

Based on the rates awarded in this District for attorneys of similar experience in similar cases, and based on the CLS fee schedule, given Mr. Platt's experience of more than 40 years, he should be compensated at the hourly rate of $400.

## II. The Number Of Hours

A prevailing party must exercise billing judgment and exclude time expended on unsuccessful claims. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Ms. Zebroski's counsel has complied with that requirement. He has not claimed any of the hours that were expended solely in an effort to establish liability for the claims for which Ms. Zebroski was not successful.

While Ms. Zebroski was not successful on all her claims, the discovery and evidence necessary to establish liability under the Pennsylvania Minimum Wage Act was

---

[2] Exhibits A-2 and A-3 to the Donahue Dec. are copies of the 1996 survey and the 2005 supplemental data, respectively.

equally necessary for the FLSA claim. "Where the plaintiff has failed to prevail on a claim that is *distinct in all respects* from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (emphasis added). But where "… the plaintiff's successful and unsuccessful claims involve a common core of facts or related legal theories, or where much of counsel's time is dedicated to the litigation as a whole, it is often impossible to divide counsel's time on a precise claim-by-claim basis." *Northeast Women's Center v. McMonagle*, 889 F.2d 466, 476 (3d Cir. 1989). This is such a case.

In order to prosecute the minimum wage issues, Plaintiff had to respond to a Motion to Dismiss, had to file a Motion to Compel Discovery, and had to take the deposition of Defendants' accountant. Platt Dec., ¶ 16. Further, the records provided by Defendants were so lacking in clarity that it took several calculations to determine the amount owed. Platt Dec., ¶ 16.

The fee motion properly includes time expended preparing the motion. *See Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978).[3]

## III. The Computation of the Fee Claim

Some of the time expended on claims on which Ms. Zebroski was not successful are difficult to carve out of the 167.3 total hours. Exercising billing judgment, the total of 167.3 should be reduced by 20% to account for that difficulty. Therefore, the total hours claimed as compensable is 133.8. At $400 per hour, the fee for those hours is $53,520.00. In addition, there were, to date, 6.5 hours expended preparing this Motion, for a fee of $. The total fee requested, then, is $56.120.00.

_____

[3] Counsel reserves the right to supplement that number to account for any time that may be expended after the filing of the instant motion.

### IV. The Computation of the Costs

Costs are recoverable under the WCPL, *Barnhart v. Compugraphic Corp.*, 936 F.2d 131 (3d Cir. 1991) and under the Pennsylvania Minimum Wage Act. *Signora v. Liberty Travel, Inc.*, 886 A.2d 284 (Pa. Super. 2005). Costs awarded under the comparable Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), include the filing fee, deposition costs, copying costs and service costs. *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 714 (N.D. Il. 1988). The fee award under Civil Rights statutes may include costs that are generally billed to a client, such as reproduction expenses, telephone expenses, travel time and expenses, postage, etc. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204 (3d Cir. 1995). *Cf. Danny Kresky Enterprises Corp. v. Magid*, 716 F.2d 215 (3d Cir. 1983) (fee award pursuant to antitrust statute). The reason for allowing fees and costs is to ensure that employees suffer no loss for vindicating their rights. "Otherwise, employees who are unjustly deprived of their wages by their employers, may be deterred from filing suit because of burdensome legal costs." *Oberneder v. Link Computer Corp.*, 449 Pa. Super 528, 533, 674 A.2d 720, 722 (1996) (citing *Barnhart*, *supra*, 936 F.2d at 134).

Ms. Zebroski seeks reimbursement for costs (after exercise of fee judgment) as follows (all are itemized in Ex. 2 to Platt Dec.):

| | |
|---|---|
| Filing Fee, Complaint | 350.00 |
| Xerox, Kaufman, J. Procedures | 6.75 |
| Xerox, Complaint for Service | 3.15 |
| Service of Complaint | 75.00 |
| Witness Fee, F. Mayo, Dep. | 40.00 |
| Witness Fee, F. Mayo Trial | 40.00 |
| Taxi to Court for Trial | 7.20 |
| Taxi to Office from Trial | 5.00 |
| Service, Mayo Dep. Subpoena | 40.00 |
| Service, Mayo Trial Subpoena | 40.00 |

| | |
|---|---|
| Zebroski Dep. Transcript | 914.25 |
| Xerox, Trial Exhibits | 222.04 |
| Xerox, Document Production | 63.07 |
| Gouak Deposition Transcript | 937.50 |
| Mayo Deposition Transcript | 622.50 |
| Lauinger Deposition Transcript | 735.00 |
| Projection Equipment for Trial | 1130.71 |
| Federal Express, Trial Exs. to G. Egan | 15.95 |
| Total | $5,258.12 |

(Defense counsel had agreed to pay one-half of the cost of the projection equipment, but has not done so.)

Again exercising billing judgment, that total should be reduced. Some of the costs, such as filing fee, service fees, etc., were necessary for the case, irrespective of the number of claims. The deposition of Frank Mayo, Defendants' accountant, related to the minimum wage claims. The Gouak, Lauinger and Zebroski depositions covered all the issues in the case. Without determining the number of pages in each deposition that were devoted to which issues, it is appropriate to reduce the total for those depositions, $2,586.75, by 20%, a reduction of $517.35, to $2,069.40. The total costs claimed, then, is $5,258.12 minus $517.35, totaling $4,740.77.

**V. Conclusion**

The total fee and costs claimed is $56,120.00 for fee, $4,740.77 for costs, for a total of $60,860.77.

The Motion should be granted in the full amount requested.

Respectfully submitted,


___s/ Elliot B. Platt_____
ELLIOT B. PLATT
Attorney for Plaintiff

Suite 1930
1500 John F. Kennedy Boulevard
Philadelphia, PA.  19102
(215) 564-5551

- 8 -

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed electronically and is available for viewing and downloading from the ECF system.

Date: April 11, 2011                          __s/ Elliot B. Platt_____
                                             ELLIOT B. PLATT
                                             Attorney for Plaintiff