**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA


MELISSA BROWN

v.                                                      C.A. No. 06-2034

NUTRITION MANAGEMENT SERVICES
CO., *et al.*

### DECLARATION OF RICHARD P. WEISHAUPT, ESQUIRE

1. I am an attorney licensed and admitted to practice law in the Commonwealth of Pennsylvania, as well as in the United States District Courts for the Eastern and Middle Districts of Pennsylvania, the United States Court of Appeals for the Third Circuit and the United States Supreme Court. I am employed as a senior attorney at Community Legal Services, Inc. ("CLS") which is located at 1424 Chestnut Street, Philadelphia, PA 19102.

2. I am one of three members of the Attorneys Fees Committee at CLS. The CLS Attorneys Fees Committee has the responsibility of setting appropriate hourly rates for CLS attorneys who are seeking court-awarded attorneys' fees in CLS cases.

3. I began practicing law in 1974, having received a J.D. Degree that year from the Harvard University Law School in Cambridge, Massachusetts. Since September, 1974 I have been employed as an attorney at CLS specializing in litigation of cases primarily involving government benefit programs. In the course of my employment I have litigated extensively in both the federal and state systems both in individual cases and in class actions. Many of these cases involved the potential for the collection of fees. CLS has collected over $1 million in fees as a result of my litigation. I have written and published extensively and have taught or lectured

at several area law schools and other professional schools in the greater Philadelphia area. I am currently a co-convenor of the Pennsylvania Legal Services Government Benefits Task Force.

4. I have had extensive experience litigating in the federal and state courts. I argued and was co-lead counsel in the landmark case of <u>Sullivan v. Zebley</u>, 493 U.S. 521 (1990), a class action involving more than 450,000 disabled children which successfully challenged the Social Security Administration's longstanding, but illegal policy for evaluating disability in children cases. I have also argued before the Third Circuit Court of Appeals and the Eastern District of Pennsylvania. Almost all of these cases involved attorneys' fees as part of the relief being sought.

5. The CLS Attorneys' Fees Committee establishes hourly rates for lawyers and other professional staff and coordinates the litigation and settlement of fees cases involving CLS.

6. As a nonprofit organization, the governing body of CLS is its Board of Trustees, which is composed primarily of privately employed attorneys appointed by the Chancellor of the Philadelphia Bar Association; they are representative of a cross-section of the Philadelphia Bar. The CLS Board has adopted a comprehensive attorney fee schedule based upon a survey of hourly rates charged by private law firms and individual practitioners in Philadelphia. The rate schedule was based on a comprehensive survey of the Philadelphia market for attorneys' fees originally conducted for CLS by an independent legal consulting firm, Altman, Weil, Pensa in 1996 and included a cross-section of solo practitioners, small, medium and large law firms. Over 40 firms, representing over 700 attorneys, responded. The survey has been regularly updated by Altman, Weil, Inc. based on additional data provided from its annual surveys of law firm hourly billing rates from 1998 to 2005.

7. The CLS hourly fee schedule is used by the CLS Attorneys' Fee Committee in

establishing hourly rates for CLS attorneys and other prior to filing fee motions in order to ensure that uniform criteria based upon prevailing market rates are applied to attorneys seeking court-awarded attorney's fees. The Committee also reviews court decisions as to hourly rates in the Philadelphia area for consistency with the current Rate Schedule.

8. A previous version of the CLS hourly fee schedule has been approvingly cited as a model standard by the Third Circuit Task Force on Court Awarded Attorney's Fees, 108 F.R.D. 237, 260 at n.70 (1985). The Third Circuit has accepted the CLS hourly fee schedule as a "fair reflection of the prevailing market rates in Philadelphia." Maldonado v. Houstoun, 256 F.3d 181, 187 (3rd Cir. 2001).

9. Based upon my responsibilities and participation in the setting of hourly rates for CLS attorneys and after reviewing attorney fee awards entered in CLS cases, it is my experience that the U.S. District Court for the Eastern District of Pennsylvania has generally accepted the CLS hourly rate schedule in deciding fee motions in CLS cases and has generally found that attorney's fees requested under the CLS Fee schedule are fair, reasonable and reflective of prevailing market rates in the Philadelphia legal community.

This Declaration made under the penalties of perjury. Executed this 26 day of August, 2008, at Philadelphia, Pennsylvania.

Richard P. Weishaupt, Esquire