**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KATHERINE ZEBROSKI** | : | |
| | : | **Civil Action** |
| | : | |
| **v.** | : | **No. 09-1857** |
| | : | |
| **JOHANNA GOUAK, et. al.** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this          day of                    , 2011, upon consideration of Plaintiff's Motion for Allowance of Attorney's Fees and Costs and Defendants' Response thereto, it is hereby ORDERED that Plaintiff's Motion is DENIED.

_____
                                                                            J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ZEBROSKI          :
                            :        Civil Action
                            :
        v.                  :        No. 09-1857
                            :
JOHANNA GOUAK, et. al.      :
                            :

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ALLOWANCE OF ATTORNEY'S FEES AND COSTS

Defendants, by and through their counsel, hereby respond to the numbered paragraphs in Plaintiff's motion as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Denied.  Defendants are without evidence or data to support Plaintiff's calculations.  Further, a 20% reduction for all the causes of action which were unsuccessful runs afoul of the legal requirements in the 3rd Circuit. See Loughner v. University of Pittsburgh, 260 F.3d 173 (3rd Cir 2001).

6.    Admitted.

7.    Admitted.

8.    Denied.

9.    Denied.

10.   Denied.

11.     Denied.

WHEREFORE, Defendants respectfully request that Plaintiff's Motion be

DENIED.

Respectfully Submitted,

EGAN YOUNG, Attorneys-at-Law

BY: _____
Gerard P. Egan, Esquire
526 Township Line Road, Suite 100
Blue Bell, PA  19422
Attorney I.D. No.:  20744
**Attorney for Defendants**

Dated:  April 25, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE ZEBROSKI | : | |
| | : | Civil Action |
| | : | |
| v. | : | No. 09-1857 |
| | : | |
| JOHANNA GOUAK, et. al. | : | |
| | : | |

BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ALLOWANCE OF ATTORNEY'S FEES AND COSTS

Plaintiff's attorney, in his Motion and Brief, completely ignores the 3rd Circuit's standards and procedures as set forth in Loughner v. The University of Pittsburgh, 260 F.3d 173 (3rd Cir. 2001). In that decision the Court stated:

> …the District Court has a positive and affirmative function in the fee fixing process, not merely a passive role. It should reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed.

Loughner, 260 F.3d at 178.

Plaintiff originally brought a five (5) Count Complaint. These counts alleged violations of the Fair Labor Standards Act ("at least $25,180.00"), Pennsylvania Wage Payment and Collection Law ("at least $18,773.75"), Wrongful Discharge ("Compensatory and punitive damages in an amount in excess of $150,000 plus costs"), Recklessness ("Compensatory and punitive damages in an amount in excess of $150,000 plus costs"), and Negligence ("compensatory damages in an amount in excess of $150,000 plus costs"). Subsequently, Plaintiff amended her Complaint to add two (2) counts of FLSA Retaliation (both seeking "compensatory and punitive damages in an amount in excess of $150,000"). Thus, in a case in which Plaintiff sought in excess of

$793,000, the jury awarded her $7,176.19 under the Pennsylvania Wage Payment and Collection Law.  This is less than one-half what Plaintiff claims she was owed under the Pennsylvania statute.  On the remaining six (6) counts, the jury completely rejected Plaintiff's allegations.  For Plaintiff's counsel to cavalierly reduce his request by a mere 20% is to totally ignore the jury's findings.

Furthermore, in Plaintiff's brief she alludes to her counsel's experience in litigating "many complex issues in various substantive areas, including employment law, … (ERISA) and … (RICO)".  See Exhibit "A" paragraph 8 of Plaintiff's brief.  That may well be true, however, the instant case was completely devoid of complexity.  Plaintiff's matter was an uncomplicated wage and overtime case which she unsuccessfully sought to metamorphosize into something much more grandiose.  Unfortunately for Plaintiff, the jury rejected that ploy.

After Plaintiff's counsel's absurd 20% reduction when she only partially succeeded on one (1) count out of the seven (7) brought to trial (and received only about 1% of the amount of damages she sought), she compounds her errors by failing to delineate which time elements of Exhibit 1 are attributable to which counts.  Even though the 3rd Circuit calls for an extended analysis of hours and rates charged, Plaintiff merely multiplies all hours allegedly worked (as if she prevailed on all counts) by $400 an hour (clearly inappropriate for an uncomplicated wage and overtime case) and reduces the whole by her arbitrary and capricious 20%.  This type of voodoo accounting falls far short of the dictates of Loughner.  Id. at 178-181.

The <u>Loughner</u> court warned cost and fee applicants:

> A claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning a discovery request, the drafting of a brief, and trial time in court is neither fair nor reasonable. Many of these tasks are effectively performed by administrative assistants, paralegals, or secretaries. As such, to claim the same high, reimbursement rate for the wide range of tasks performed is unreasonable. Having prevailed in the litigation is not cause to overwhelm the losing party with unreasonable fees and costs. "Hours that would not generally be billed to one's own client are not properly billed to an adversary." *Public Interest Group,* 51 F.3d at 1188.

<u>Loughner, 260 F.3d at 180.</u>

Plaintiff's counsel throughout all the entries in Exhibit 1 of the Brief totally ignores the dictates set down by the Third Circuit and thus fairness and reasonableness are absent.

The costs which Plaintiff seeks (see Exhibit 2 of Plaintiff's brief) also run afoul of <u>Loughner's</u> mandate. A "one (1) page statement of costs and an affidavit swearing to their accuracy" do not provide the relevant supporting data required. <u>Loughner, 260 F.3d 180-181.</u>

Finally, Plaintiff makes no mention of the fact that she accepted and endorsed a check in the amount of $2,520.69 after the suit was filed. This post-filing check was tendered by Defendants in an attempt to ensure that Plaintiff was paid what was due her. See Exhibit "A" of Defendant's brief which is a letter from Defendant's then counsel to Plaintiff's counsel explaining the wage analysis.

Defendants did everything that they could to treat Plaintiff fairly. She responded by engaging in trench warfare. That campaign ended in defeat at the jury's hand. This outrageous and unsupported fee and cost petition, which ignores, in letter and spirit, the requirements of law in the 3rd Circuit should be rejected and Plaintiff should be required to submit a request that comports with the dictates of <u>Loughner.</u> Further, Plaintiff should

be required to pay for Defendants' legal fees in responding to this Motion which fails to comport with the legal requirements set forth in <u>Loughner</u>.

Respectfully Submitted,

EGAN YOUNG, Attorneys-at-Law

BY: _____
Gerard P. Egan, Esquire
526 Township Line Road, Suite 100
Blue Bell, PA  19422
Attorney I.D. No.:  20744
**Attorney for Defendants**

Dated:  April 25, 2011

# EXHIBIT

# "A"

## BOCHETTO & LENTZ
A PROFESSIONAL CORPORATION

GEORGE BOCHETTO†*
GAVIN P. LENTZ*
JEFFREY W. OGREN*
DAVID P. HEIM*
VINCENT van LAAR*
TODD S. McGARVEY*
TRICIA DESMARAIS*
------
DAVID J. PERLMAN
ALBERT M. BELMONT, III*
OF COUNSEL
------
CORA I. O'DONNELL, J.D.
MARIA TROUT
JANINE BAKER
SHIRE McLELLAN
PARALEGALS

PRACTICE DEDICATED TO LITIGATION AND
NEGOTIATION MATTERS

ATTORNEYS AT LAW
1524 LOCUST STREET
PHILADELPHIA, PA 19102
----
TELEPHONE: (215) 735-3900
TELECOPIER: (215) 735-2455
----
MY E-MAIL ADDRESS:
gbochetto@bochettoandlentz.com
FIRM WEB SITE:
www.bochettoandlentz.com
----
PAUL FITZMAURICE*
SPECIAL COUNSEL

NEW JERSEY OFFICE
-------
1230 BRACE ROAD
CHERRY HILL, NEW JERSEY 08034
TELEPHONE NUMBERS:
(856) 722-9595
(856) 427-0631
TELECOPIER: (856) 722-5511
-------
†ALSO ADMITTED TO NEW YORK AND DC BARS
*ALSO ADMITTED TO NEW JERSEY BAR

July 16, 2009

**VIA OVERNIGHT MAIL**
Elliot B. Platt, Esquire
Suite 1930, Two Penn Center Plaza
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

      RE:    **Zebroski v. Gouak,** *et al.*
               **U.S.D.C., E.D. Pa; Civil Action No. 09-CV-1857**

Dear Mr. Platt:

The purpose of this letter is to outline the payroll system under which your client, Katherine Zebroski, was paid while she worked for Erwin's Country Kitchen and to remedy the modest payroll shortfalls to your client.

Initially, it is my understanding that Ms. Zebroski worked as a waitress for Erwin's Country Kitchen for a number of years. Your lawsuit addresses only the period from May 1, 2006 through December 2, 2008. According to your lawsuit, Ms. Zebroski worked approximately 3000 hours at the restaurant during this period.

The hours Ms. Zebroski worked were originally recorded in a notebook in which each employee would record (in their own handwriting) the number of hours worked for each shift. At the end of each month, the payroll calculations were based on the numbers reported by the employees. These numbers were also reported to the accountant, Frank Mayo, who maintained the books for the restaurant. However, due to water damage from a leaking refrigerator many of the records of the restaurant were damaged. As a result, we only have the handwritten notebook entries for Ms. Zebroski from November 2007 through her last day of work. (A true and correct copy of these records is attached hereto as *Exhibit* "A.") For the period before, May 2006 through October 2007, we fortunately have the records of Mr. Mayo.

Our records indicate that Ms. Zebroski worked 586.18 hours from May 1, 2006

**BOCHETTO & LENTZ, P.C.**

Elliot B. Platt, Esquire
July 16, 2009
Page 2

Our records indicate that Ms. Zebroski worked 586.18 hours from May 1, 2006 through December 31, 2006; 955.05 hours from January 1, 2007 through December 31, 2007; and 1357.77 hours from January 1, 2008 through December 2, 2008. For the period referenced in your complaint, therefore, our records indicate Ms. Zebroski worked 2899 hours at Erwin's Country Kitchen.

Recently, when we spoke on the telephone, you voiced concern that when the deductions on Ms. Zebroski's paychecks were added to the net pay, there were significant sums missing from each paycheck. I explained to you that the missing sums were the amounts Ms. Zebroski received in tips during the course of the month. These sums were reported to the government as tips received by the waitresses. You expressed that Ms. Zebroski was unaware that these sums were being deducted and that she was unaware that her tips were being reported to the government. I told you I would follow up on how the tips were reported.

I have learned that none of the waitresses (including Ms. Zebroski) at Erwin's Country Kitchen voluntarily count and disclose to management the number of tips they receive during a given shift. Rather, they all understand and have expressly accepted that the restaurant will estimate the amount of tips made each month and deduct that amount from their paycheck. This method fairly captures the tip income to enable the restaurant to report it to the government.

Thus, the amount "missing" from the net paycheck is the amount of tips estimated to have been received by the waitresses. Ms. Zebroski fully understood and abided by this procedure.

Your complaint also alleges that Ms. Zebroski was paid less than the hourly rate required by law. We performed an analysis of her hourly rate and believe that she is entitled to modest additional compensation.[1] These computations are contained on the spreadsheets attached hereto as Exhibit "B." According to our calculations, in 2006, a waitress should be making an hourly wage of $2.13 per hour. During this same time, a waitress, with tips, should be making minimum wage of $5.15 per hour. When we multiplied the number of hours Ms. Zebroski worked in 2006 by the minimum wage

---

[1]     We believe Ms. Zebroski was fully compensated due to the amount of tips she actually received. But because we are unaware of the actual tip amounts, we have based our calculations on the estimated amount of tips received. To the extent Ms. Zebroski actually reported all of her tips to the government as income, her tax returns should reflect this and we would be happy to review them.

**BOCHETTO & LENTZ, P.C.**

Elliot B. Platt, Esquire
July 16, 2009
Page 3

($5.15), and then compared it with what was actually paid, we determined in 2006 Ms.
Zebroski was paid $494.21 over the minimum wage amount.

As for 2007, the minimum rate per hour a waitress could be paid was $2.83 per
hour. During this same time, for the first six months of the year, the minimum wage was
$6.25 per hour. For the last two quarters of 2007, the minimum wage equaled $7.15 per
hour. When we multiplied Ms. Zebroski's hours by the minimum wage and compared it
to what she was actually paid, we determined she was owed an additional $207.64.

The 2008 calculation was based on the same minimum wage of $7.15 per hour.
When we multiplied the number of hours worked by the minimum wage and compared it
to what Ms. Zebroski was paid, we determined that she is owed an additional $2,303.08.

As a result, we have determined that Ms. Zebroski is owed $2,016.56 ($207.64
plus $2,303.08 minus the $494.21 overpayment). With the addition of statutory
liquidated damages afforded by 43 P.S. §260.10 of 25% ($504.13), we are enclosing a
check made payable to Ms. Zebroski in the amount of $2,520.69.

Sincerely,

**BOCHETTO & LENTZ, P.C.**

By:

George Bochetto

cc:    Johanna Gouak

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ZEBROSKI          :
                            :    **Civil Action**
                            :
      **v.**                :    **No. 09-1857**
                            :
JOHANNA GOUAK, et. al.      :
                            :

## CERTIFICATE OF SERVICE

     I, Gerard P. Egan, Esquire, attorney for defendants, hereby certify that on today's date true and correct copies of the foregoing was electronically served, upon the following:

Elliot B. Platt, Esquire
Suite 1930, Two Penn Center Plaza
1500 JFK Boulevard
Philadelphia, PA 19102
ebplatt@att.net

By:_____
Gerard P. Egan, Esquire
*Attorney for Defendants,*
526 Township Line Road
Blue Bell, PA 19422
(215) 367-5151

Dated:  April 25, 2011