IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE ZEBROSKI | : | |
| | : | Civil Action |
| v. | : | No. 09-1857 |
| JOHANNA GOUAK, *et al.* | : | JURY TRIAL DEMANDED |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ALLOWANCE OF ATTORNEY'S FEE AND COSTS**

**I. Facts Addressed At Argument**

At the argument on July 1, 2011, the Court asked the amounts requested of the jury on the minimum wage claims and any projected future wage claim. Based on undersigned counsel's trial notes and exhibits, the jury was asked to find $11,702.68 due under the federal minimum wage law and $14,352.38 due under the Pennsylvania minimum wage law. Based on notes and recollection, there was no specific request for future wage loss on the wrongful termination claim.

On July 1, undersigned counsel stated that, on behalf of Plaintiff, Katherine Zebroski, he introduced at trial evidence of the partial payment that Defendants made to Plaintiff (*see* Ex. A to Defts' Response to Pltff's Mo. for Allow. of Attorney's Fees and Costs). On review of trial notes, it appears that Defendants introduced that evidence at trial.

**II. Legal Standards**

On a motion for attorney's fees, the Court should "not decrease a fee award based on factors not raised at all by the adverse party." *Bell v. United Princeton Properties, Inc.*,

884 F.2d 713, 720 (3d Cir. 1989). *See also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Pennsylvania law is similar. *See Ambrose v. Citizens Nat. Bank of Evans City*, 5 A.2d 413, 423 (Pa. Super. Ct. 2010). And the Court may consider the amount of damages sought and the damages recovered, but it may not reduce a fee award to make it proportional to the recovery. *Id*; *Signor v. Liberty Travel, Inc.*, 886 A.2d 284 (Pa. Super. Ct. 2005).

Defendants have argued that *Loughner v. University of Pittsburgh*, 260 F.3d 173 (3d Cir. 2001) requires a reduction in the fee sought by Ms. Zebroski because she seeks recovery for tasks unspecified by Defendants but which Defendants apparently believe should not be recovered or should not be recovered at counsel's full rate. *See* Defts' Brief, 3d unnumbered page. But District Judges have tempered the effects of *Loughner*. In *James v. Norton*, 176 F. Supp.2d 385 (E.D. Pa. 2001), Judge Schiller held *Loughner* did not control a fee motion from a a sole practitioner, like Ms. Zebroski's counsel, who has no one to delegate essential tasks. *James* awarded the attorney his full rate for all his activities. *Id.* at 396. And *Doe v. Ward*, 282 F. Supp.2d 323 (W.D. Pa. 2003) held that many "administrative" tasks are better performed by attorneys and that attorneys do not have different rates for different tasks. *Id.* at 333-335. Defendants have offered no evidence of any local practice whereby attorneys charge different rates depending on the task.

### III. Time Expended On Fee Motion Is Recoverable

It is appropriate to award fees for time expended litigating the right to an award under a fee-shifting statute. *Planned Parenthood of Cent. New Jersey v. Attorney General*, 297 F.3d 253, 268 (3d Cir. 2002); *Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3d Cir. 1998).

## IV. Relevant Fee Award Cases Decided By Hon. John P. Fullam[1]

a. *James v. Chichester School Bd.*, 1999 WL 124478 (E.D. Pa. 1999). Disallowed claim only for hours that were clearly separable from issues on which plaintiffs succeeded.

b. *Baker v. Raytheon Engineers & Constructors, Inc.*, 1997 WL 337042 (E.D. Pa. 1997). Reduction because court found ERISA case was over-litigated and defense counsel made detailed challenges to plaintiff's hours, and reduction of 50% because plaintiff was 50% successful.

c. *Bradley v. Laborers' Local 135*, 1997 WL 12136 (E.D. Pa. 1997). Fee award under labor law principles for benefit to union members as a whole. The fee "... should, however, be reduced to achieve a proper allocation between the individual claims of the named plaintiffs and the benefits achieved for the membership at large. Although mathematical precision cannot be achieved in this situation, I believe a one-third reduction is appropriate. This reduction is intended to account for counsel's efforts in establishing the actual amounts of damages sustained by each individual plaintiff (as distinguished from proving that the plaintiffs had sustained injury in some amount - *i.e.*, proof of liability which indirectly benefitted the membership at large, as discussed above)." *Id.* at *3.

d. *Disabled in Action of Pennsylvania v. Pierce*, 1986 WL 8235 (E.D. Pa. 1986). Case for injunctive relief. Court made "a few minor adjustments." *Id.* at *2.

e. *Commonwealth of Pennsylvania v. O'Neill*, 431 F. Supp. 700 (E.D. Pa. 1977). Case for injunctive relief. "The reasonableness of an individual attorney's requested hourly

---

[1] This list does not include cases such as *Rice v. Sullivan*, 1990 WL 186951 (E.D. Pa. 1990) under the Equal Access to Justice Act, which caps the hourly rate available. *See* 28 U.S.C. § 2412(d)(2)(A).

rates depends, of course, upon that attorney's experience and demonstrated ability or expertise." *Id.* at 708.

## V. Plaintiff's Fee Agreement

A copy of the redacted fee agreement is appended as Exhibit A (redactions are of substantive discussions between Ms. Zebroski and counsel, not of any terms of the fee agreement). Defendants' counsel has assured undersigned that he will not share a copy of the fee agreement with his clients.

## VI. Defendants' Supplemental Response

Aside from the fact that Defendants' Supplemental Response does not address the issues the Court requested at the argument on July 1 and ignores the fact that Ms. Zebroski was successful on one claim, the Response includes an unsigned, unsworn statement that purports to contain irrelevant self-serving statements on behalf of Defendants. There is no provision for any such document; the mere inclusion of it demonstrates bad faith by Defendants. If the Court were inclined to give any claims in it any credence, Defendants should be required to produce the trial transcript and Plaintiff should have the opportunity to respond in light of the evidence adduced at trial.

Respectfully submitted,

___s/ Elliot B. Platt_____
ELLIOT B. PLATT
Attorney for Plaintiff

Suite 1930
1500 John F. Kennedy Boulevard
Philadelphia, PA. 19102
(215) 564-5551

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed electronically and is available for viewing and downloading from the ECF system.

Date: July 11, 2011

s/ Elliot B. Platt
ELLIOT B. PLATT
Attorney for Plaintiff

**Exhibit A**

## ELLIOT B. PLATT
ATTORNEY AT LAW

Suite 1930 Two Penn Center Plaza
1500 John F. Kennedy Boulevard
Philadelphia, PA. 19102

Telephone 215-564-5551
Fax 215-564-1357
Email ebplatt@att.net

February 10, 2009

Ms. Katherine Zebroski


Dear Ms. Zebroski:

We have now on two occasions discussed your termination of employment by Erwin's Country Kitchen. (Actually, your employer was technically Country Flavor, Inc. doing business as Erwin's Country Kitchen.)

You have informed me that [redacted]

You have also informed me that, [redacted]

I have advised you that, [redacted]



Ms. Katherine Zebroski
February 10, 2009
Page Two

case.



will also file suit against the liable parties and take all necessary action to prepare the case for trial, including all necessary discovery and pretrial motions, and try the case. My fee will be contingent upon recovery, and will apply after recovery of costs. The fee will be 40% of any amount recovered by settlement or verdict or judgment. In the event of court action, you will pay all court costs and other related expenses as they become due. If you are not employed, I will advance those costs. Those costs can include court filing fees, costs of service of the initial Complaint and of subpoenas, deposition costs, expert witness fees, lay witness fees, long distance telephone calls, fax expenses, travel expenses if proceedings are held out of Philadelphia, courier or messenger expenses, computer research costs, the costs of special exhibits or supplies purchased for the case, and, photocopying fees.

If it is necessary to litigate your issues and you are successful and it is appropriate to do so, we will seek to have the court impose liability for your counsel fees and costs. In that event, the fees imposed on the defendants will be based on my time expended on the case multiplied by an hourly billing rate, which at this time approximately $400. Any fees recovered in that manner will be credited against your obligation to pay a contingent percentage. If you are unsuccessful in recovering any amount, you will have no obligation to me for a fee, although you will remain responsible for any costs incurred.

Ms. Katherine Zebroski
February 10, 2009
Page Three

    If you have any questions about this letter, please call to discuss them. If you approve of the terms set out in this letter, please sign and date the enclosed copy of this letter and return it to me.

    Thank you for the opportunity to represent you in this matter. I hope I can help achieve a satisfactory result.

Sincerely yours,

ELLIOT B. PLATT

EBP/e
Enclosure

I agree to the terms in this letter.

Date: 2/12/09

Katherine Zebroski
KATHERINE ZEBROSKI