IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE ZEBROSKI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHANNA GOUAK, *et al.*, | : | |
| Defendants. | : | No. 09-cv-1857 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                   AUGUST 11, 2011

After prevailing on one of seven claims at the trial of her employment termination suit before the Honorable John P. Fullam,[1] Plaintiff Katherine Zebroski filed a motion for attorney's fees and costs under the Pennsylvania Minimum Wage Law ("PMWL"), 43 P.S. § 333.113, and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.9a(f).  Defendants oppose the motion.  Oral argument was held on July 1, 2011, and both parties have filed supplemental briefing on the issue.

**I.      The Case**

Ms. Zebroski was a waitress at Erwin's Country Kitchen, a restaurant in Trevose, Pennsylvania operated by Country Flavor, which is owned by Johanna Gouak and Erwin Lauinger.  After a series of disputes with the cook, Fernando Esguerra, apparently things got too hot, and Ms. Zebroski was fired.  Ms. Zebroski filed suit against her former employers, alleging wrongful termination and accusing them of negligently and recklessly ignoring the fact that Mr.

---

[1] With our colleague's retirement, this case has been assigned to this Court's docket. Quite unrelated to the arrival of this motion, the Court laments the retirement of the redoubtable John P. Fullam.  His stature, wisdom, service and honor are quite without peer.

Esguerra had injured and threatened her and of violating the Fair Labor Standards Act ("FLSA") and the PMWL as well.  She later amended her complaint to add two FLSA retaliation claims.  According to Ms. Zebroski's Amended Complaint, she sought in excess of $150,000 for each count other than the wage claims.  Ms. Zebroski contends that at trial, she asked the jury to award damages of $11,702.68 for the FLSA wage claim and $14,352.38 for the PMWL claim.  *See* Supp. Brief in Support of Pl.'s Mot. For Allowance of Attorney's Fees and Costs, at 1.[2]  After a five-day trial in May 2010, the jury found in favor of Ms. Zebroski on her PMWL claim, awarding her $7,176.19 in damages.  The jury found in favor of the Defendants on the remaining six counts.

## II.     Legal Standard

A court calculates the appropriate fee award by "'multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate,'" which is called the "lodestar."  *Tobin v. Haverford Sch.*, 936 F. Supp. 284, 287 (E.D. Pa. 1996) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  From a procedural standpoint,

> [t]he party seeking attorney's fees has the burden to prove that its request for attorney's fee is reasonable.  To meet its burden, the fee petitioner must submit evidence supporting the hours worked and rates claimed.  In a statutory fee case, the party opposing the fee award then has the burden to challenge by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.  The district court cannot decrease a fee award based on factors not raised at all by the adverse party.  Once

---

[2]     Given that Ms. Zebroski asked for compensatory damages for a variety of injuries, such as emotional distress, as well as for punitive damages, it is difficult to quantify the total amount of damages sought by Ms. Zebroski or to estimate the amount of a jury award that might have represented full success on all claims.  Taking account of the overlap between the two wage claims and between the recklessness and negligence claims, and using the low end of the amounts set forth in the Amended Complaint and in Ms. Zebroski's supplemental fee petition briefing, a conservative estimate of an award reflecting complete success likely would exceed $600,000.

>the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections.

*Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (internal citations and quotations omitted). The Court of Appeals for the Third Circuit has explained how specific a fee petition should be:

>A fee petition should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." However, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." We found sufficient specificity where the computer-generated time sheet provided "the date the activity took place."

*Keenan v. City of Philadelphia*, 983 F.2d 459, 473 (3d Cir. 1992) (internal citations omitted).

Thus, a district court has "a positive and affirmative function in the fee fixing process, not merely a passive role." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001). "In reviewing a fee application, a district court must conduct 'a thorough and searching analysis.'" *Interfaith Community Organization v. Honeywell Intern., Inc.*, 426 F.3d 694, 703 (3d Cir. 2005) (quoting *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001)). The Court must determine the reasonableness of both the number of hours expended, as well as the proposed hourly rate. *Tobin*, 936 F. Supp. at 288. The appropriate hourly rate for attorney's fees purposes is the prevailing market rate in the relevant community, i.e., the "rate charged by attorneys of equivalent skill and experience performing work of similar complexity." *Student Pub. Interest Res. Group of N.J., Inc. v. AT&T Bell Labs.*, 842 F.2d 1436, 1450 (3d Cir. 1988). In each of these matters, the presiding court has considerable discretion when evaluating fee petitions. *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir. 1989).

When a plaintiff has achieved only partial success, the court may adjust the fee downward, "even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith." *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). In determining the degree of success, the Court may compare the amount of damages awarded to the amount requested, but the Court may not use that comparison to simply "maintain some ratio between the fees and the damages awarded." *See Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 318 (3d Cir. 2006).

**III.    Discussion**

Obviously, the issue here is what should the appropriate fee award be where an able and experienced Plaintiff's counsel has labored mightily, has honorably accounted for his labors, but the net result to his client pales in comparison to what was hoped for. Seen through the defense's eyes, ought a virtually successful defendant be made to absorb essentially a full complement of fees and costs when the verdict was only a small fraction of what the defendant battled against? This is no simple balancing act and not an occasion for rote application of arithmetical formulae, for the task is to reconcile reality with creditable lawyering.

Plaintiff's counsel claims to have excluded from his statement of fees any time spent solely on unsuccessful claims. Thus, he asserts that a 20% reduction in hours is sufficient to account for the admittedly limited success achieved at trial. He suggests that an hourly rate of $400 is an appropriate rate given his level of experience and expertise in employment matters. Defendants oppose the motion, arguing that (1) a 20% reduction does not adequately adjust for the lack of success represented by a recovery of only approximately 1% of the damages demanded in the Amended Complaint, (2) $400 an hour is much too high a rate for the work involved in bringing the one successful claim–a simple wage and hour claim, (3) Plaintiff's

counsel should not be allowed to bill his full rate for tasks that could have been performed by a secretary, paralegal, administrative assistant, or decidedly junior lawyer, and (4) Plaintiff's counsel's time entries and one-page list of costs are insufficiently detailed.[3]

The Court has reviewed counsel's petition and the purported support for both the time and rates used to support the petition. The Court has also carefully reviewed the competing briefs on these issues, giving particular additional attention to those items specifically challenged by Defendants. In addition, at oral argument, the Court informed the parties that attention would be given to Judge Fullam's reported caselaw treatment of fee issues, given that he presided over the entire case up to the filing of the motion for attorney's fees.[4]

---

[3] At no point has Defendants' counsel specifically identified which particular time or cost entries are insufficiently specific, likely to be related only to an unsuccessful claim, and/or related to the type of task more appropriately carried out by an assistant or paralegal.

Defendants also charge that Plaintiff accepted a check for $2,520.69 after the suit was filed, but do not explain the relevance of this fact to the fee petition. According to Plaintiff's counsel, evidence of this was introduced by the Defendants at trial.

[4] The Court appreciates the parties' efforts in this regard. Of particular interest are the cases addressing the issue of partial success. In one case, Judge Fullam reduced the requested fee by half because the plaintiff succeeded on one of two claims. *See Baker v. Raytheon Eng. & Constructors, Inc.*, No. CIV. A. 96-721, 1997 WL 337042 (E.D. Pa. June 17, 1997). In another case, *Blanche Road Corp. v. Bensalem Township*, Civ. A. No. 89-9040, 1996 WL 368347 (E.D. Pa. June 25, 1996), he reduced the fees by 30% because of partial success in a civil rights case in which the various causes of action substantially overlapped and the jury awarded nearly $250,000. In *Leipziger v. Township of Falls*, No. Civ. A. 00-1147, 2001 WL 1167488 (E.D. Pa. July 31, 2001), Judge Fullam reduced the fees sought by 10% because the plaintiff was awarded substantially all the relief he sought even though he only prevailed on one of his six claims. As to costs, in *Bradley v. Laborers' Local 135*, Civ. A. No. 81-2356, 1997 WL 12136 (E.D. Pa. Jan. 6, 1997), Judge Fullam carved out nearly $1,000 of the roughly $8,000 sought in costs because counsel failed to specify what the charges related to. For instance, the Court refused to award $873 in unexplained copying costs. *Id.* at *3. Judge Fullam also reduced the counsel fees by a third to reflect the time spent by plaintiffs' counsel in establishing the actual damages suffered by the named plaintiffs, as opposed to representing the interests of the union members at large. *Id.*

Plaintiff's counsel urges upon this Court a relatively recent case, in which he was awarded fees at a rate of $400 an hour subject to a 20% reduction for partial success. *See Brown v. Nutrition Management Servs.*, Civil Action No. 06-2034, 2009 WL 222352 (E.D. Pa. Jan. 26, 2009). Mr. Platt's client succeeded on one of three claims against one of four defendants. However, the total damages award in that FMLA case was $161,331.64, a substantial award, even in light of the jury's refusal to award $115,826.40 requested for front pay. *Id.* And although the *Nutrition Management* court did not mention this, the unsuccessful claims for discrimination may well have overlapped in damages with the back pay award the plaintiff did receive in that case had the plaintiff succeeded on those claims.

Other partial success cases in the employment area also offer some general guidance. In *Spencer v. Wal-Mart Stores*, 469 F.3d 311 (3d Cir. 2006), the Third Circuit Court of Appeals upheld a 75% reduction in fees. In that case, the plaintiff was awarded $2,000 in the face of projected damages of $500,000. In *Spencer*, the plaintiff only prevailed on one part of one claim, losing on the bulk of that claim and on another related claim; and the plaintiff did not benefit in any other way from the litigation, as she was not reinstated to her job. *Id.* at 318-19. Thus, case law demonstrates a judicial response to the reality of partial success by frequently authorizing a partial fee award.

    1.  <u>The Challenge to Counsel's Hourly Rates</u>

Defendants contend that an hourly rate of $400 is excessive for the simple wage claim on which Ms. Zebroski ultimately succeeded, citing *Loughner*, 260 F.3d 173, for the proposition that "a wage and overtime case is an uncomplicated cause of action." *Id.* at 179 n. 5. Ms. Zebroski's counsel counters that the rate is justified and is well within the range of customary

rates.[5]  The Court notes that at oral argument, in response to the Court's inquiry, Mr. Platt contended that he did not change his hourly rate at any time during the life of this case from 2009 to the present.  The Court finds no compelling reason to quarrel with – or otherwise reduce – the hourly rate counsel recorded.

      2.      <u>Fees Charged for Tasks More Properly Performed by a Paralegal or Assistant</u>

Defendants cite *Loughner*, 260 F.3d 173, to argue that:

> A claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning discovery request[s], the drafting of a brief, and trial time in court is neither fair nor reasonable.  Many of these tasks are effectively performed by administrative assistants, paralegals, or secretaries.  As such, to claim the same high reimbursement rate for the wide range of tasks performed is unreasonable.

*Id.* at 180.  Plaintiff's counsel counters by citing *James v. Norton*, 176 F. Supp. 2d 385, 396 (E.D. Pa. 2001), which distinguishes *Loughner* in a case involving a solo practitioner.  *Norton*, however, involved a complex employment discrimination suit with novel issues of law (versus the comparatively simple and straightforward wage and hour claim in *Loughner*), and the challenge to the hourly rate focused on tasks which both parties agreed were appropriate tasks for an attorney to perform.  Nonetheless, the Court is not inclined to parse the various activities at issue here along the lines suggested by the defense.  Not only does it inherently risk engaging in unwarranted stereotyping, but the Court has not been provided sufficient information upon which to draw fine lines between or among tasks made more meaningful by having been performed by an experienced professional than by a less trained paraprofessional.

---

[5]     Counsel also points to contemporaneous Community Legal Services rates, which ranged from $325 to $410 per hour for an attorney of his experience.

3. <u>Insufficient Detail in Time Entries and Costs Statement</u>

Defendants argue that the Plaintiff has failed to provide sufficient detail in the time entries and list of costs to allow the Court to determine which tasks and costs related to ultimately unsuccessful claims. Despite Defendants' argument, the Court reiterates the Third Circuit Court of Appeals' standard:

> A fee petition should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." However, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney."

*Keenan*, 983 F.2d at 473 (internal citations omitted). The Court finds that Plaintiff's time entries meet this standard.

The Court also notes that Plaintiff's counsel did endeavor to identify time spent solely on these unsuccessful claims, but finds that counsel did not go far enough. The Court has identified several more time entries that appear to relate only to unsuccessful claims.[6] These entries account for 7.7 hours. After subtracting both these hours and the 13.7 hours identified by the

---

[6]     3/4/09 – Legal research, FLSA Statute and Regs.
3/5/09 – File Review, Review and Analysis of FLSA Claims
6/17/09 – Legal research, and Draft Resp. to Motion, FLSA Issues
6/18/09 – Legal research, and Draft Resp. to Motion, FLSA Issues
6/24/09 – Telephone Conf., J. Ogren - re FLSA Claim
6/25/09 – Telephone Conf., Client - re FLSA Claim
7/30/09 – Telephone Conf., with Client re FLSA
2/15/10 – Draft Supplemental Complaint
2/15/10 – Legal Research, Rule 15(d)
3/12/10 – Review Response to Mo. For Supp'l Comp.
3/12/10 – Legal Research re Resp. To Mo. For Supp. Comp.
3/15/10 – Legal Research and Draft Reply re Supp'al Comp.
3/16/10 – Legal Research and Draft Reply re Supp'al Comp.

*See* Pl.'s Mot. For Atty. Fees and Costs, Ex. A (Doc. No. 50).

Plaintiff in the Second Supplemental Declaration of Elliott B. Platt in Support of Plaintiff's Motion for Allowance of Attorney's Fees and Costs (Docket No. 57), the Court arrives at a total of 148.7 hours not devoted solely to unsuccessful claims. To the extent the remaining fees and costs reflect time spent on both successful and unsuccessful claims, the Court's application of a "degree of success" factor will serve to alleviate any remaining concerns regarding a perceived ambiguity of time entries.[7]

### 4. Application of a "Degree of Success" Factor

Returning to the central, controlling issue here, part of the process of exercising the judicial obligation and discretion to review fee petitions is to incorporate meaningful consideration of a prevailing party's "degree of success." At times, in some cases, fees can and should be computed only for or as to successful claims or successful work. *Rode*, 892 F.2d at 1183, 1186; *Younger v. City of Philadelphia*, Civ. A. No. 88-6133, 1990 WL 87378, at *3, n.7 (E.D. Pa. June 19, 1990). However, given the vagaries of virtually all litigation generally, and employment discrimination or similar litigation in particular, those instances may be rarer than one might otherwise assume. It is neither mandated nor realistic to demand that counsel delineate precisely the specific services that related to a successful argument, theory or claim. Likewise, the Court would not require counsel to surgically remove all those that were ultimately unproductive. Indeed, it is conceivable that if one were able to deconstruct jury verdicts, all

---

[7] The Court also declines to permit accounting for the time spent by counsel to prepare his fee petition. Not only does the Court consider this task – given that no especially arduous or hypertechnical requirements were imposed – to be essentially in the nature of a law professional's overhead or cost of doing business, but it also bears observing that by automatically accepting the applications for fees to prepare simple fee petitions, lawyers who have the least efficient time recording systems would be rewarded with the more generous fee awards.

9

counsel and the court would be confounded to learn what efforts were and were not productive. The outcome in some cases may turn on nothing counsel did, others on only counsel's efforts. Such are some of the marvelous mysteries of the jury system. The Court will not apply a formulaic ratio based upon numbers of causes of action pled in the original complaint or the amount of damages demanded as compared to those awarded.

On the basis of the foregoing discussion, and after weighing and balancing all of the matters discussed above, including the propriety of including an overall degree of success factor, the Court concludes that counsel's fee petition – after accounting for the adjustments set out above – should be approved for 45% of the hours charged.

## IV. Conclusion

Based on the foregoing, the Court hereby grants Plaintiff's Motion for Attorney Fees and Costs and awards attorney's fees in the amount of $26,766 and costs in the amount of $5,298.12.[8] An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[8] After subtracting the hours related solely to unsuccessful claims, 148.7 hours remain. Multiplying 148.7 hours by 45% to account for partial success amounts to 66.915 hours. Multiplying 66.915 by Plaintiff counsel's $400 hourly rate amounts to $26,766. The total costs claimed, $5,298.12, will be awarded in full.